-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT D. LONG, Individually and
on behalf of
LONG CONSULTING and MANAGEMENT
GROUP, INC.,

           Plaintiffs,

      -v-                        080CV06497T
                                             **ORDER**
KEYBANK, N.A., KEY CORP.;
HENRY L. MEYER, III;
BETH E. MOONEY;
THOMAS W. BUNN;
THOMAS C. STEVENS;
ALEXANDRIA WEHR;
NICOLE COLEGROVE;
CATHERINE BROWN ALLEN; and
WILLIAM TROUPE, III,

           Defendants.

---

## INTRODUCTION

    Plaintiff Robert D. Long, proceeding pro se, has filed this action (Docket No. 1) and paid the filing fee.  He has requested service by the U.S. Marshal (Docket No. 2).  For the reasons discussed below, service by the U.S. Marshal is denied without prejudice, and plaintiff is directed to respond to this Order by **January 24, 2009.**

## DISCUSSION

    Plaintiff has paid the filing fee.  As such, under Rule 4 of the Federal Rules of Civil Procedure, this Court "may direct that service be effected by a United States marshal . . . ."

Fed.R.Civ.P. 4(c)(2) (emphasis added). Before this Court will consider an Order for service by the U.S. Marshal, the Court directs plaintiff to address some preliminary concerns.

First, plaintiff asserts that the U. S. District Court has jurisdiction over this action as the result of diversity of parties. It is well-settled that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "In other words, federal subject-matter jurisdiction based on diversity is unavailable unless [plaintiff's] pleadings demonstrate that it does not share citizenship with any of the defendants-appellees." Advani Enterprises, Inc., id. (citing John Birch Soc'y v. National Broad. Co., 377 F.2d 194, 197 (2d Cir.1967)). Plaintiff resides in Webster, New York. He claims that the defendant Keybank is incorporated in Cleveland, Ohio. His complaint indicates, however, that several of the defendants are located in New York State as well. Plaintiff has not established diversity jurisdiction.

If the Court has no subject matter jurisdiction over the civil rights claims raised in a *pro se* complaint, the claims must be

dismissed.  The Second Circuit has indicated that a case should be dismissed for lack of subject matter jurisdiction "only under narrow circumstances."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996).  Nevertheless, District Courts of the United States are courts of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom."  W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80, 2 L. Ed. 60 (1803)).  The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking."  Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc., 850 F.2d 876, 881 (2d Cir.) (citations omitted), *cert. denied* 488 U.S. 967, 109 S. Ct. 495, 102 L. Ed.2d 532 (1988).

Second, plaintiff is proceeding pro se, on behalf of himself and on behalf of a corporation.  A non-attorney *pro se* party may not represent another's interests.  "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him." Iannaccone v. Law*,* 142 F.3d 553, 558 (2d Cir.1998) (citation omitted); *see also* Pridgen v. Andresen*,* 113 F.3d 391, 393 (2d Cir.1997) ("appearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may

not appear *pro se* in the cause of another person or entity"); see also e.g., <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (layperson may not represent a corporation); <u>Phillips v. Tobin</u>, 548 F.2d 408, 411-12 (2d Cir.1976) (individual may not appear *pro se* to pursue a shareholder's derivative suit); <u>Eagle Assocs. v. Bank of Montreal</u>, 926 F.2d 1305, 1310 (2d Cir.1991) (layperson may not represent a partnership); <u>Cheung v. Youth Orchestra Found. of Buffalo, Inc.</u>, 906 F.2d 59, 61 (2d Cir.1990) (parent may not appear *pro se* on behalf of his or her minor child); <u>Pridgen</u>, 113 F.3d at 393 ("administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").   Thus, plaintiff cannot appear on behalf of a corporation.

## CONCLUSION AND ORDER

Therefore, prior to addressing the request for service by the U.S. Marshal, plaintiff should respond to this Order and explain 1) why this action is properly raised in the federal courts -- what is the basis for federal jurisdiction; 2) whether the corporate plaintiff is withdrawn or otherwise represented by counsel; and 3) why service by the United States Marshal is necessary or warranted in this particular case.  Plaintiff shall respond to this Order on or before **January 24, 2009.**  Plaintiff is forewarned that a failure to respond to this order will lead to his complaint being dismissed

4

with prejudice without further order of the Court.   The Clerk of the Court is directed to close this case as dismissed with prejudice without further order of the Court if plaintiff fails to respond to the Court's concerns by **January 24, 2009.**

    **SO ORDERED.**

                        S/ Michael A. Telesca

                   _____
                            MICHAEL A. TELESCA
                        United States District Judge

Dated:     December 10, 2008
           Rochester, New York