```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT D. LONG, Individually and
on behalf of LONG CONSULTING AND
MANAGEMENT GROUP, INC.,
                                                    08-CV-6497T
                       Plaintiff,                   ORDER
       v.

Key Bank, N. A., Key Corp.,
Henry L. Meyer, III, Beth E. Mooney,
Thomas W. Bunn, Thomas C. Stevens,
Alexandra Wehr, Nicole Colegrove,
Catherine Brown Allen, William Troupe, III,

                       Defendants.
_____
```

## INTRODUCTION

Plaintiff Robert Long, ("Long" or "plaintiff") proceeding pro se, brings this diversity action against the defendants claiming that the defendants breached a contract with him and plaintiff Long Consulting and Management Group, and that the defendants breached their fiduciary duties to the plaintiffs. Specifically, Long claims that the defendants breached a deposit account agreement by allowing a third party to access plaintiffs' account without authorization.

Defendants move to dismiss plaintiffs' claims on several grounds including lack of complete diversity, and failure to state a claim. In response to the defendants' motion, plaintiffs seek to amend the Complaint to cure jurisdictional defects.

For the reasons set forth below, defendants' motion to dismiss is granted, plaintiffs' motion to amend is denied, and plaintiffs' Complaint is dismissed with prejudice.

DISCUSSION

I.  Standard for Motion to Dismiss

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the close of pleadings, any party may move for judgment upon the pleadings. A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

> II. Claims asserted by Plaintiff Long Consulting and Management Group, Inc.

Long, who is not an attorney and who is proceeding pro se[1] purports to represent plaintiff Long Consulting and Management Group, Inc. However, it is well settled in the Second Circuit that a layperson may not represent a corporation pro se, even in cases where the layperson is the President or sole shareholder of the company he or she seeks to represent. Pecarsky v. Galaxiworld.com Ltd., 2001 WL 497775 (2nd Cir., 2001); Powerserve Intern., Inc. v. Lavi, 239

---

[1] Although plaintiffs filed the instant action pro se, it is clear from the exhibits attached to the Complaint that he has been represented by Attorneys H. Todd Bullard and Gail Charles with respect to this dispute. Plaintiffs' attorneys corresponded with Key Bank over the course several months, and also filed formal complaints on behalf of the plaintiffs with the Office of the Comptroller of the Currency and Senator Charles Schumer. Indeed, two months before this action was filed, Attorney Charles informed Key Bank that she was "currently finalizing the court documents" for a civil law suit. See September 22, 2008 Letter from Gayle Charles to Key Bank, attached as Exhibit 19 to Plaintiff's Complaint. The Court can only speculate as to whether or not the papers submitted to the court by the plaintiffs are actually those of an attorney, and thus will not pass on the ethical implications of an attorney authoring legal papers and memoranda for use by a pro se litigant without attribution.

F.3d 508 (2nd Cir., 2001); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59 (2nd Cir., 1990).  Any hardship created by the requirement of legal representation is immaterial, as a person may not benefit from the corporate form while ignoring the accompanying responsibilities.  In re Roma Group, Inc., 153 B.R. 18, 20 (S.D.N.Y.,1993) ("one who chooses a legal structure for doing business will normally be barred from seeking to circumvent the legal implications of that choice").  Because a lay person may not represent a corporation pro se, I dismiss all claims raised by plaintiff Long Consulting and Management Group, Inc.

    III. Claims against Individual Defendants.

Plaintiff has withdrawn his claims against individual defendants Alexandra Wehr, Nicole Colegrove, Catherine Brown Allen, William Troupe, III on grounds that these defendants are residents of New York, and inclusion of these defendants would prevent this court from exercising jurisdiction over the matter.  The remaining defendants, Henry L. Meyer, III, Beth E. Mooney, Thomas W. Bunn, and Thomas C. Stevens, are Corporate Executives of Key Bank, N.A. or Key Corp., and plaintiff has failed to allege any personal involvement of these individuals with respect to his claims of breach of contract or breach of fiduciary duty.  Because New York law does not provide for personal liability of corporate officers or directors for torts committed by the company those officers direct, plaintiff has failed to state a cause of action against defendants Henry L. Meyer, III,

Beth E. Mooney, Thomas W. Bunn, or Thomas C. Stevens. I therefore dismiss Long's claims against all individual defendants.

IV. <u>Claims against KeyCorp</u>

Plaintiffs' Complaint does not allege that defendant KeyCorp was involved in any transaction involving the plaintiffs, but instead, merely alleges that KeyCorp is the parent corporation of Key Bank, N.A. Because KeyCorp is a separate legal entity that had no involvement in the acts complained of by the plaintiffs, the plaintiffs have failed to state a cause of action against KeyCorp, and I therefore grant defendants' motion to dismiss all claims against KeyCorp.

V. <u>Statute of Limitations</u>

A. <u>Breach of Fiduciary Duty</u>

Long alleges that the defendant Key Bank, N.A. breached its fiduciary duty to the plaintiff by allowing an unauthorized third-party to gain access to his banking accounts held by Key Bank between July 24, 2003 and April 28, 2004. According to the Complaint, plaintiff became aware of the allegedly unauthorized access on or about April 27, 2004. This case, however, was not filed until November 4, 2008, over four years after the breach of fiduciary duty allegedly occurred. In cases where the plaintiff, as here, seeks money damages against a defendant for breach of a fiduciary duty, the statute of limitations for such a claim is three years. <u>Bouley v. Bouley</u>, 797 N.Y.S.2d 221, 223 (N.Y.A.D. 4th Dept., 2005). Because plaintiffs' action was not filed until at least four years after the

plaintiffs became aware of the alleged breach, plaintiffs' claims are untimely, and I therefore grant defendants' motion to dismiss this claim.

B. Breach of Contract

The agreement allegedly breached by Key Bank provides that the law of Ohio is to govern the dispute. Under Ohio Law, a claim for breach of contract is generally governed by Section 2305.10 of the Revised Code of Ohio, which provides for a 15 year limitations period. Section 1304.35 of the Revised Code, however, provides that with respect to a bank statement, the bank customer:

> must exercise reasonable promptness in examining the statement . . . to determine whether any payment was not authorized because . . . a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.

Ohio Rev. Code Ann. § 1304.35(C). If the customer fails to notify the bank within one year from the time the statement was available of an unauthorized transaction, the customer is precluded from recovering against the bank based on the alleged unauthorized access to the account. Ohio Rev. Code Ann. § 1304.35(F).

In the instant case, although plaintiffs' Complaint acknowledges that Long was aware of the allegedly unauthorized transactions in his account in 2004, and that he made general complaints to Key Bank about the transactions (see May 11, 2004 Letter from plaintiffs' attorney to Key Bank, attached as Exhibit 16 to Plaintiffs'

6

Complaint) he did not alert the bank as to any specific transactions that he alleged to be unauthorized until this action was commenced in 2008, well after the period for notifying the bank expired. Accordingly, I find that plaintiffs are precluded under Ohio law from raising a claim of breach of contract against defendant Key Bank, N.A.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted, and plaintiffs' Complaint is dismissed with prejudice.[2]

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 19, 2009

---

[2] Although the plaintiff in this action appears pro se, he is reminded that Rule 11 of the Federal Rules of Civil Procedure prohibits all parties, including pro se litigants, from raising claims that are not warranted by existing law, or constitute frivolous arguments or attempts to change existing law. Fed. R. Civ. P. 11(b). A party found to have violated Rule 11 may be sanctioned by the court, and such sanctions can include monetary fines, and Orders to pay the opposing party's legal costs. Fed. R. Civ. P. 11(c). In this case, the plaintiff has made claims that are legally and factually frivolous, and by doing so, has engaged in behavior that approaches sanctionable conduct under Rule 11. Had these claims been raised by an attorney, the court almost certainly would have been required under Rule 11(c)(3) to issue an Order to Show Cause why sanctions should not be imposed. While the Court at this time declines to issue such an Order, plaintiff is reminded that frivolous arguments with no basis in law will not be tolerated by the Court, regardless of whether or not the plaintiff is proceeding pro se.